971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Peter Gordon HOWE, Appellant,
v.
REPUBLIC OF DJIBOUTI, a Foreign Nation, et al.
 No. 91-7085.
 United States Court of Appeals, District of Columbia Circuit.
 July 22, 1992.
 
 Before MIKVA, Chief Judge, and HARRY T. EDWARDS and RUTH BADER GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's memorandum and order filed May 10, 1991 be affirmed substantially for the reasons stated by the district court.
 
 
 3
 Appellant, we note, as to defendants other than the Republic of Djibouti, alleged that venue is based on diversity. See Complaint para. 4. But diversity jurisdiction exists only when there is no overlap in the citizenship of plaintiffs and defendants. See Strawbridge v. Curtiss, 3 Cranch 267 (1806). That is not the case here in view of appellant's allegations that he and certain of the defendants reside in California. Nor did the district court err in failing to find it "in the interest of justice" to transfer this case to the Western District of Washington. Taking into account appellant's bypass of that obvious choice, and the multiple infirmities of the complaint, we cannot count it an abuse of discretion to decline to impose this civil action on a sister court.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.